IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| LAWRENCE HABERMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-905-A |
| | § | (No. 4:07-CR-188-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendant Lawrence Haberman ("Lawrence") to vacate, set aside, or reduce sentence under 28 U.S.C. § 2255, the government's response thereto, Lawrence's reply to the government's response, the contents of the record in Case No. 4:07-CR-188-A, and pertinent legal authorities, the court has concluded that such motion should be denied.

I.

Grounds of the Motion

As stated in the motion, Lawrence's grounds for relief are as follows:

> 8. Haberman asserts he was denied effective assistance of counsel at sentencing as a result of his

attorney's failures or omissions in the following regards:

    A.   Failure to take reasonable corrective measures to redress the court's "preliminary opinion" rejecting the acceptance of responsibility adjustment, including, but not limited to, eliciting the assistance of the federal investigative agents and AUSA to support their views on the truthfulness of Haberman's admissions about his offense conduct and debriefings;

    B.   Failure to have Haberman testify about the crucial issue regarding whether he told his sister the purpose of the Texas trip;

    C.   Failure to have Haberman testify about the subsidiary issues the district court focused on in determining that his sister Lori had full knowledge of the purpose of the trip to Texas including her access to a locked room in the basement of Lori's Southfield Michigan home, her knowledge of his customers and suppliers, her knowledge of the kinds of drugs he was distributing, and her knowledge of the specific contents of the crates that contained the money for the purchase of drugs in Texas;

    D.   Failure to polygraph Haberman on the "knowledge" issues to support the acceptance of responsibility adjustment;

    E.   Failure to subpoena the law enforcement officers who debriefed Haberman about the events leading up to his Texas arrest and the information he provided as substantial assistance, to elicit their opinions about his veracity and the helpfulness of the information he furnished;

    F.   Failure to object to the sentencing court's explanation and conclusions regarding the sentence;

    9.   These actions/omissions of counsel fell below the level of competence for reasonable counsel.  But

for these failings and omissions, individually and cumulatively, Haberman probably would have received a lower sentence. These failings undermine any reasonable confidence in the sentence in this case.

Mot. at 4-5.

II.

Analysis

The record of Case No. 4:07-CR-188-A could not more fully demonstrate that Lawrence's counsel was not ineffective in any of the respects claimed by Lawrence, and that if Lawrence's counsel had done things the way Lawrence now suggests he should have done them it would not have changed the sentencing outcome in any respect. Thus, neither of the Strickland[1] elements has been satisfied.

Lawrence's trial counsel contested in an appropriate way the tentative conclusion of the court that Lawrence was not being candid with the probation officer or the court concerning the extent of the knowledge of his sister, Lori, of his extensive drug-trafficking activities. The records of the law enforcement officers who debriefed Lawrence were before the court for consideration, and were considered by the court in arriving at the court's decision relative to acceptance of responsibility.

---

[1] Strickland v. Washington, 466 U.S. 668, 687-96 (1984)

3

Testimony from Lawrence at variance with the conclusions the court reached relative to his sister's knowledge of his activities would not have made a difference concerning acceptance of responsibility because of the information the court had that caused the court not to be willing to give credence to Lawrence's testimony on that subject. If Lawrence's attorney had caused Lawrence to be subjected to a polygraph test, and if Lawrence had a favorable test result, the evidence before the court establishing Lori's knowledge of, and involvement in, Lawrence's drug activities was so strong that such a polygraph result would not have made a difference.

The issue of substantial assistance was separate and apart from the acceptance of responsibility issue, with the consequence that testimony from law enforcement officers that Lawrence was helpful when he was debriefed would not have made a difference on the acceptance of responsibility issue. The court was made fully aware of, and took into account in sentencing, Lawrence's cooperation with the government, and there was nothing his counsel could have done to improve Lawrence's situation in that regard. As the Fifth Circuit noted, the court's explanations and conclusions regarding the sentence were legally adequate, with

4

the consequence that an objection by Lawrence's counsel on that subject would have been without merit.

Lawrence has presented nothing in or with his motion that persuades the court that his counsel engaged in any act or omission that was not the result of reasonable professional judgment. See Strickland v. Washington, 466 U.S. 688, 690 (1984). Nor has Lawrence persuaded the court that, if his counsel had done what Lawrence now contends he should have done, there was a reasonable probability that Lawrence would have received a lower sentence. Lawrence's counsel did not engage in any conduct that undermined confidence in the sentence imposed on Lawrence.

Therefore,

The court ORDERS that such motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 10, 2011

_____
JOHN McBRYDE
United States District Judge